HAHN & HESSEN LLP
Edward L. Schnitzer, Esq.
Christopher J. Hunker, Esq.
488 Madison Avenue
New York, New York 10022
(212) 478-7200

      -and-

HALPERIN BATTAGLIA RAICHT, LLP
Christopher J. Battaglia, Esq.
Jocelyn Keynes Szekretar, Esq.
Carrie E. Essenfeld, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
(212) 765-9100

*Counsel for Plaintiff Alan D. Halperin,*
*Trustee of the Kodak GUC Trust*

Presentment Date and Time: May 23, 2014 at 12:00 p.m.
Objection Deadline: May 23, 2014 at 10:00 a.m.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| EASTMAN KODAK COMPANY, *et al.*,[1] | Case No. 12-10202 (ALG) |
| Debtors. | Confirmed |

## NOTICE OF PRESENTMENT OF MOTION OF THE TRUSTEE OF THE KODAK GUC TRUST FOR AN ORDER EXTENDING TIME FOR SERVICE OF PROCESS PURSUANT TO RULE 7004(a) AND 9006(b)(1) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 4(m) OF THE FEDERAL RULES OF CIVIL PROCEDURE IN CERTAIN ADVERSARY PROCEEDINGS

**PLEASE TAKE NOTICE** that Alan D. Halperin, Esq., as the trustee (the

"Trustee") of the Kodak GUC Trust (the "Trust"), established pursuant to the confirmed

chapter 11 plan of the above-captioned debtors (the "Debtors"), will present the annexed

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Eastman Kodak Company (7150); Creo Manufacturing America LLC (4412); Eastman Kodak International Capital Company, Inc. (2341); Far East Development Ltd. (2300); FPC Inc. (9183); Kodak (Near East), Inc. (7936); Kodak Americas, Ltd. (6256); Kodak Aviation Leasing LLC (5224); Kodak Imaging Network, Inc. (4107); Kodak Philippines, Ltd. (7862); Kodak Portuguesa Limited (9171); Kodak Realty, Inc. (2045); Laser-Pacific Media Corporation (4617); NPEC Inc. (5677); Pakon, Inc. (3462); and Qualex Inc. (6019). The location of the Debtors' corporate headquarters is: 343 State Street, Rochester, NY 14650.

*Motion of the Trustee of the Kodak GUC Trust for an Order Extending Time For Service Of Process Pursuant to Rule 7004(a) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure and Rule 4(m) of The Federal Rules of Civil Procedure In Certain Adversary Proceedings* (the "Motion") to the Honorable Allan L. Gropper, United States Bankruptcy Judge, for approval and signature at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on **May 23, 2014 at 12:00 p.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Motion shall be in writing, state with particularity the basis for the objection, and be filed with the Bankruptcy Court in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court of the Southern District of New York (the "Local Rules") by users of the Bankruptcy Court's case filing system, and by all other parties, on a 3.5 inch disk, with a hard copy to Chambers, and served in accordance with the Local Rules upon counsel for Plaintiff, Alan D. Halperin, Trustee of the Kodak GUC Trust, as follows: (a) Halperin Battaglia Raicht, LLP, 40 Wall Street, 37th Floor, New York, New York 10005, Attn: Christopher J. Battaglia, Jocelyn Keynes Szekretar, and Carrie E. Essenfeld; (b) Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Sam J. Alberts and Oscar N. Pinkas; (c) Hahn & Hessen LLP, 488 Madison Avenue, New York, NY 10022, Attn: Edward L. Schnitzer; (d) Klestadt & Winters, LLP, 570 Seventh Avenue, 17th Floor, New York, NY 10018, Attn: Tracy Klestadt; (e) Milbank, Tweed, Hadley & McCloy LLP, One Chase Manhattan Plaza, New York, NY 10005, Attn: Tyson M. Lomazow and Brian Kinney; and (f) Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Frank Oswald and Michael D. Hamersky, so as to

be received no later than **May 23, 2014 at 10:00 a.m. (prevailing Eastern Time)** (the

"Objection Deadline").

      **PLEASE TAKE FURTHER NOTICE** that in the event that no objection or

response to the relief requested is timely filed and served by the Objection Deadline, the

Bankruptcy Court may grant the relief requested in the Motion without further notice or

hearing.

Dated: New York, New York
       May 12, 2014

                                  **HAHN & HESSEN LLP**

                                  By:      /s/ *Edward L. Schnitzer*
                                                Edward L. Schnitzer, Esq.
                                              Christopher J. Hunker, Esq.

                                  488 Madison Avenue
                                  New York, New York 10022
                                  Telephone: (212) 478-7200
                                  Facsimile: (212) 478-7400

                                        -and-

                                  **HALPERIN BATTAGLIA RAICHT, LLP**
                                  Christopher J. Battaglia, Esq.
                                  Jocelyn Keynes Szekretar, Esq.
                                  Carrie E. Essenfeld, Esq.
                                  40 Wall Street, 37th Floor
                                  New York, New York 10005

                                  *Counsel for Plaintiff Alan D. Halperin,*
                                  *Trustee of the Kodak GUC Trust*

HAHN & HESSEN LLP
Edward L. Schnitzer, Esq.
Christopher J. Hunker, Esq.
488 Madison Avenue
New York, New York 10022
(212) 478-7200

**Presentment Date and Time: May 23, 2014 at 12:00 p.m.**
**Objection Deadline: May 23, 2014 at 10:00 a.m.**

      -and-

HALPERIN BATTAGLIA RAICHT, LLP
Christopher J. Battaglia, Esq.
Jocelyn Keynes Szekretar, Esq.
Carrie E. Essenfeld, Esq.
40 Wall Street, 37th Floor
New York, New York 10005
(212) 765-9100

*Counsel for Plaintiff Alan D. Halperin,*
*Trustee of the Kodak GUC Trust*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| EASTMAN KODAK COMPANY, *et al.*,[1] | Case No. 12-10202 (ALG) |
| Debtors. | Confirmed |

### MOTION OF THE TRUSTEE OF THE KODAK GUC TRUST FOR AN ORDER EXTENDING TIME FOR SERVICE OF PROCESS PURSUANT TO RULES 7004(a) AND 9006(b)(1) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 4(m) OF THE FEDERAL RULES OF CIVIL PROCEDURE IN CERTAIN ADVERSARY PROCEEDINGS

TO THE HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE:

      Alan D. Halperin, Esq., as the trustee (the "Trustee") of the Kodak GUC Trust (the

"Trust"), established pursuant to the confirmed chapter 11 plan of the above-captioned

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Eastman Kodak Company (7150); Creo Manufacturing America LLC (4412); Eastman Kodak International Capital Company, Inc. (2341); Far East Development Ltd. (2300); FPC Inc. (9183); Kodak (Near East), Inc. (7936); Kodak Americas, Ltd. (6256); Kodak Aviation Leasing LLC (5224); Kodak Imaging Network, Inc. (4107); Kodak Philippines, Ltd. (7862); Kodak Portuguesa Limited (9171); Kodak Realty, Inc. (2045); Laser-Pacific Media Corporation (4617); NPEC Inc. (5677); Pakon, Inc. (3462); and Qualex Inc. (6019). The location of the Debtors' corporate headquarters is: 343 State Street, Rochester, NY 14650.

debtors (the "<u>Debtors</u>"), respectfully requests the entry of an order, substantially in the form annexed hereto as **Exhibit 1** (the "<u>Proposed Order</u>"), extending the time to effectuate service of process to June 30, 2014 in certain adversary proceedings listed on **Exhibit A** to the Proposed Order pursuant to section 105(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 4(m) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), made applicable to this proceeding by Rule 7004(a) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Bankruptcy Rule 9006(b)(1), and respectfully represents:

## **JURISDICTION AND VENUE**

1.      This Court has subject matter jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (F) and (O).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a) because this is the district where the above-mentioned Debtors' chapter 11 cases were pending.

## **BACKGROUND**

2.      On January 19, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court, thereby commencing these chapter 11 cases (the "<u>Chapter 11 Cases</u>").

3.      On June 18, 2013, the Debtors filed their *First Amended Joint Chapter 11 Plan of Reorganization of Eastman Kodak Company and Its Debtor Affiliates* [Dkt. No. 4073] (as amended, modified, or supplemented, including plan supplements and all other exhibits and schedules, the "<u>Plan</u>").

4.     On August 23, 2013, the Court entered an order confirming the Plan [Dkt. No. 4966] (the "Confirmation Order").  The Plan became effective on September 3, 2013 (the "Effective Date").

5.     On the Effective Date, the Trust was established for the sole purpose of liquidating the Trust's assets.  Pursuant to Sections 3.03 and 3.07 of the Kodak GUC Trust Agreement (the "Trust Agreement"), after the Effective Date, the Trustee has the sole authority to maintain, prosecute, settle, dismiss, abandon, or otherwise dispose of avoidance actions against the parties listed on Exhibit L to the Plan (the "Avoidance Actions").  The Trustee is vested with the right to, among other things, compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise resolve or settle claims in favor of, or against, the Trust (including the Kodak GUC Trust Avoidance Actions).  Furthermore, the Trustee may enter into and consummate settlements and compromises of the Kodak GUC Trust Avoidance Actions without notice to, or approval by, the Court.

6.     Since the Effective Date, the Trustee has been working diligently to determine whether any payments made by the Debtors to third parties prior to the commencement of the Chapter 11 Cases constitute preferential or fraudulent transfers that may be avoided and recovered by the Trustee pursuant to sections 547, 548, 549 and/or 550 of the Bankruptcy Code.

## THE ADVERSARY PROCEEDINGS

7.     In January of 2014, the Trustee, through his counsel, timely filed approximately 750 complaints commencing adversary proceedings (the "Adversary Proceedings") in this Court against transferees (the "Defendants") of preferential or fraudulent transfers pursuant to sections 547, 548, 549 and 550 of the Bankruptcy Code.

8. After commencing the Adversary Proceedings and in the course of serving the complaints, the Trustee determined that there were approximately 36 Defendants whose addresses listed in the Debtors' books and records were either no longer current or were incorrect. The Trustee has attempted to locate valid addresses for these Defendants by, among other things, reviewing information supplied by the Debtors regarding the transfers to these Defendants and performing thorough searches of public records. Notwithstanding the Trustee's diligent efforts, the Trustee has been unable to locate a current, valid address for service of process and therefore has encountered significant difficulty serving all Defendants within the 120-day time constraint set forth in Federal Rule 4(m) and Bankruptcy Rule 7004(a). The Trustee and his counsel, with the assistance of the Debtors, continue their attempts to locate the remaining Defendants.

9. Additionally, there are approximately 43 Defendants where the Trustee has obtained what may be a valid address, but has not yet received sufficient information from the Debtors to determine whether pursuit of the matter is worth the time and expense of serving the summons and complaint upon the Defendant. This is particularly so with respect to various foreign Defendants,[2] service upon whom would require the Trustee to expend significant time and expense given the requirements imposed by various countries to translate the complaint and/or enlist local authorities to effectuate service of process. The Debtors continue to supply information to the Trustee and his counsel, who have been

---

[2] Federal Rule 4(m) specifically excludes service of process on foreign entities from the 120-day limitation of time to serve a summons and complaint. *See Picard v. Cohmad Sec. Corp. ETC (In re Bernard L. Madoff Inv. Sec., LLC)*, 418 B.R. 75, 83 (Bankr. S.D.N.Y. 2009) ("While a plaintiff must complete service upon a domestic defendant within 120 days of filing the complaint pursuant to Rule 4(m), the same statute expressly states that this time limitation 'does not apply to service in a foreign country under Rule 4(f).' This exclusion 'does not mean that the plaintiff enjoys an unlimited amount of time to effectuate service;' however, a plaintiff is entitled to a 'reasonable time' to exercise due diligence to serve the foreign defendant."). However, out of an abundance of caution, the Trustee requests an extension of time with respect to the foreign Defendants listed on **Exhibit A** to the Proposed Order.

4

diligently and rapidly reviewing information as it is received from the Debtors to determine

whether a matter is worth pursuing.  However, the Trustee will not be able to complete that

process prior to the expiration of the 120-day time constraint set forth in Federal Rule 4(m).

## RELIEF REQUESTED

10.     By this motion, the Trustee seeks an Order pursuant to section 105(a) of the

Bankruptcy Code, Federal Rule 4(m), and Bankruptcy Rules 7004(a) and 9006(b)(1)

extending the time for service of a summons and complaint in certain Adversary

Proceedings.  A copy of the proposed Order is attached as **Exhibit 1**, and a schedule listing

the specific Adversary Proceedings for which the Trustee seeks an extension of time for

service of process is attached to the Proposed Order as **Exhibit A**.

## BASIS FOR THE RELIEF REQUESTED

11.     Service of a summons and complaint in an adversary proceeding must be

effectuated within 120 days of the filing of the complaint.  *See* FED. R. CIV. P. 4(m);[3] FED. R.

BANKR. P. 7004(a).  However, bankruptcy courts are vested with broad authority and

discretion to implement procedures that are necessary to enforce the provisions of the

Bankruptcy Code.  Section 105 of the Bankruptcy Code provides that "[t]he court may issue

any order, process, or judgment that is necessary or appropriate to carry out the provisions"

of the Bankruptcy Code.  11 U.S.C. § 105(a).  In addition, Bankruptcy Rule 9006, provides

authority for the Court to enlarge the time limits imposed under the Bankruptcy Rules, such

as the deadline to serve a summons and complaint, without notice:

---

[3]     Federal Rule 4(m) provides: If a defendant is not served within 120 days after the complaint is filed,
the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice
against that defendant or order that service be made within a specified time. But if the plaintiff shows good
cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m)
does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

> [W]hen an act is required or allowed to be done at or within a
> specified period . . . by order of court, the court for cause shown
> may at any time in its discretion . . . with or without motion or
> notice order the period enlarged if the request therefor is made
> before the expiration of the period originally prescribed or as
> extended by a previous order . . .

FED. R. BANKR. P. 9006(b)(l).

12.     It is well-established that the Court has discretion to extend the time to serve a

summons and complaint.  *See Zapata v. City of New York*, 502 F.3d 192, 193 (2d Cir. 2007)

(explaining that the Second Circuit joins several other circuits in determining that the court

may use its discretion to extend the time to serve a complaint even in the absence of good

cause).  In deciding whether to extend the time period in its discretionary power, courts

generally consider the following factors:

> (1) whether the applicable statute of limitations would bar the
> refiled action; (2) whether the defendant had actual notice of
> the claims asserted in the complaint; (3) whether the defendant
> had attempted to conceal the defect in service; and (4) whether
> the defendant would be prejudiced by the granting of plaintiffs'
> request for relief from the provision.

*See Feingold v. Hankin*, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003).

13.     The first factor weighs heavily in favor of the Trustee.  Since the statute of

limitations has expired for the Trustee to commence avoidance actions, dismissal of an

Adversary Proceeding for failure to timely serve under Federal Rule 4(m) is extremely

prejudicial to the Trust and its creditors.  If an Adversary Proceeding is dismissed, it would,

in effect, be *with prejudice*, and the Trustee will be unable to proceed against such entities.

*See Zapata*, 502 F.3d at 197 ("Where . . . the dismissal without prejudice in combination

with the statute of limitations would result in a dismissal *with* prejudice, we will not find an

abuse of discretion . . . so long as there are sufficient indications on the record that the

district court weighed the impact that a dismissal or extension would have on the parties.").

6

In such cases, courts routinely extend the time to serve a summons and complaint.  *See, e.g.*,

*Cobalt Multifamily Investors I, LLC v. Arden*, No. 06 Civ. 6172 (KMW) (MHD), 2013 U.S.

Dist. LEXIS 153624 at *7 (S.D.N.Y. Oct. 24, 2013) ("'Courts have consistently considered

the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the

plaintiff in a Rule 4(m) analysis.'" (internal quotations and citations omitted)); *see also*

Advisory Committee Note to Federal Rule 4(m) ("Relief may be justified, for example, if

the applicable statute of limitations would bar the refiled action . . . .").  Additionally, many

of the recipients of the alleged avoidable transfers will further benefit from having received

avoidable transfers at the expense of the Trust and its legitimate creditors.

14.     The second and third factors do not apply in this case, as the Trustee (with

few exceptions where service has been rejected) has been unable to serve the Defendants for

whom the Trustee seeks an extension of time to serve.  Given the short extension of time the

Trustee seeks (approximately 44-48 days depending upon the precise date on which the

complaint was filed),[4] the fourth factor favors the Trustee, particularly in light of the

ramifications described above.

15.     Finally, as a practical matter and despite the Trustee's diligent efforts to date,

the Trustee simply does not have the necessary information concerning the Defendants and

the merits of the Adversary Proceedings to effect service of process with respect to many of

the Defendants listed on **Exhibit A** to the Proposed Order.[5]  Under these circumstances, the

---

[4]     The Trustee commenced filing of the initial Adversary Proceeding complaints on January 13, 2014 and continued to do so through January 17, 2014.  Accordingly, the current deadline to serve the summons and complaint in any Adversary Proceeding ranges from May 13, 2014 to May 17, 2014.  Thus, the maximum extension the Trustee seeks is 48 days to serve the summons and complaint.

[5]     The Trustee submits that the Court may grant the short extension of time to serve the summons and complaints in the Adversary Proceedings listed on **Exhibit A** to the Proposed Order even in the absence of good cause, *see Zapata*, 502 F.3d at 193, and that such relief is appropriate here.  However, even if the Trustee were required to show "good cause" for the extension (a judgment that is left to the sound discretion of the

Trustee respectfully requests that this Court enter an order extending the time for service of

process with respect to the Adversary Proceedings listed on **Exhibit A** to the Proposed

Order.

## NOTICE

16.     Notice of this Motion has been provided to the (i) United States Trustee for

the Southern District of New York; and (ii) all entities having filed a Notice of Appearance

in the main case, and (iii) all Defendants listed on **Exhibit A** at their last known address.

The Trustee submits that no other notice need be given.

## CONCLUSION

The Trustee respectfully requests that this Court enter an Order extending the time to

effectuate service of process to June 30, 2014 in the Adversary Proceedings listed on **Exhibit**

**A** to the Proposed Order, and for such other and further relief as is just and proper.

Dated: New York, New York
       May 12, 2014

                              HAHN & HESSEN LLP


                              By:     _/s/ Edward L. Schnitzer_____
                                    Edward L. Schnitzer, Esq.
                                    Christopher J. Hunker, Esq.

                              488 Madison Avenue
                              New York, New York 10022
                              Telephone: (212) 478-7200
                              Facsimile: (212) 478-7400

---

Court), the Trustee meets that requirement because the need for an extension does not arise from the Trustee's
delinquency.  Rather, the delay is the result of the sheer volume of information requested from the Debtors and
the time it has taken for such information to be supplied and analyzed by the Trustee and his counsel.
Accordingly, the Trustee can and will establish "good cause" for the relief requested, if necessary.  *See DeLuca
v. AccessIT Group*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) ("In determining whether a plaintiff has shown good
cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant
resulting from the delay.").

-and-

HALPERIN BATTAGLIA RAICHT, LLP
Christopher J. Battaglia, Esq.
Jocelyn Keynes Szekretar, Esq.
Carrie E. Essenfeld, Esq.
40 Wall Street, 37th Floor
New York, New York 10005

*Counsel for Plaintiff Alan D. Halperin,*
*Trustee of the Kodak GUC Trust*

# Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EASTMAN KODAK COMPANY, *et al.*,[1] | ) | Case No. 12-10202 (ALG) |
| | ) | |
| Debtors. | ) | Confirmed |
| | ) | |

## ORDER EXTENDING TIME FOR SERVICE OF PROCESS PURSUANT TO RULES 7004(a) AND 9006(b)(1) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND RULE 4(m) OF THE FEDERAL RULES OF CIVIL PROCEDURE IN CERTAIN ADVERSARY PROCEEDINGS

Alan D. Halperin, Esq., as trustee (the "Trustee") of the Kodak GUC Trust, by his

attorneys, Hahn & Hessen LLP and Halperin Battaglia Raicht, LLP, having moved this

Court pursuant to a Notice of Presentment dated May 12, 2014, seeking the entry of an

Order Extending Time for Service of Process Pursuant to Bankruptcy Rule 7004(a) and

9006(b)(1) and Federal Rule of Civil Procedure 4(m) in Certain Adversary Proceedings (the

"Motion");[2] and the Court having considered the Motion and any objections or responses

thereto; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. § 1334; and the consideration of the Motion and the

relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b); and

due and proper notice of the Motion having been provided; and it appearing that no other

further notice need be provided; and the relief requested being in the best interest of the

Trust, the Debtors, and their estate and creditors; and the Court having determined that the

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Eastman Kodak Company (7150); Creo Manufacturing America LLC (4412); Eastman Kodak International Capital Company, Inc. (2341); Far East Development Ltd. (2300); FPC Inc. (9183); Kodak (Near East), Inc. (7936); Kodak Americas, Ltd. (6256); Kodak Aviation Leasing LLC (5224); Kodak Imaging Network, Inc. (4107); Kodak Philippines, Ltd. (7862); Kodak Portuguesa Limited (9171); Kodak Realty, Inc. (2045); Laser-Pacific Media Corporation (4617); NPEC Inc. (5677); Pakon, Inc. (3462); and Qualex Inc. (6019). The location of the Debtors' corporate headquarters is: 343 State Street, Rochester, NY 14650.

[2] Capitalized terms not herein defined shall have the meanings ascribed to them in the Motion.

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that the Motion is GRANTED, and it is further

**ORDERED,** that the deadline to serve a summons and complaint, as set forth in Rule 7004(a) of the Federal Rule of Bankruptcy Procedure, is extended from to June 30, 2014 in each Adversary Proceeding listed on **Exhibit A** attached hereto; and it is further

**ORDERED**, that the Clerk of the Court is directed to electronically file this Order in each adversary proceeding set forth on **Exhibit A**; and it is further

**ORDERED**, that Trustee's counsel must serve a copy of this Order upon each Defendant in the Adversary Proceedings listed on **Exhibit A** either with the summons and complaint or as soon after service of the summons and complaint as possible.

Dated: New York, New York
     May ___, 2014

_____
HONORABLE ALLAN L. GROPPER
UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

**EXHIBIT A**

| Adv. Proc. No. | Name of Defendant | Gross Amount of Complaint | Foreign or Domestic Defendant | Reason for Requesting an Extension |
|---|---|---|---|---|
| 14-01169 | ACME Printing Company | $28,304.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01426 | Arch Chemicals | $13,500.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01557 | B & M Enterprises Co. Ltd. | $506,733.40 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01108 | BASF AG | $245,887.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01701 | Beyondsoft Corporation | $772,813.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01569 | Bookkeeper 4 Misc. Account | $122,821.12 | Domestic | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01325 | BSI America, Inc. | $19,881.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01435 | Buhrmann NV | $17,523.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01126 | Bynet Software Systems | $49,976.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01572 | Central Louisiana Imaging Center, L.L.C. | $6,606.33 | Domestic | We are still awaiting additional information from Kodak to determine whether additional related transferees should be added to Complaint. |
| 14-01464 | Clean Harbors | $8,359.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01401 | Copiat, Inc. | $41,211.61 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01586 | CPS & Associates, Inc. | $21,288.49 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01182 | Datatech Depot | $257,441.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01088 | David Electronics Company Ltd. | $89,589.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01600 | Dr. Ecklebe GmbH | $313,201.35 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01602 | Duomedia BVBA | $118,696.90 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01670 | Emirates Integrated | $14,482.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01432 | European Drives & Motor Repairs | $10,475.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |

1

**EXHIBIT A**

| Adv. Proc. No. | Name of Defendant | Gross Amount of Complaint | Foreign or Domestic Defendant | Reason for Requesting an Extension |
|---|---|---|---|---|
| 14-01186 | General Services Administration | $21,095.29 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01465 | GJ Haerer | $28,000 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01560 | Global Network Security Inc. | $61,000.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01422 | Greg Best | $15,057.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01692 | HD Supply Plumbing/HVAC, Ltd. | $12,262.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01221 | Henkel KGaA d/b/a Henkel Corporation | $12,554.86 | Foreign | We are still investigating the legal address of this defendant. |
| 14-01104 | Hunkeler Holding AG | $542,398.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01758 | Ilford Imaging Switzerland GmbH | $689,257.45 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01538 | Information Management Services | $41,616.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01249 | Infosource (UK) Ltd. | $22,480.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01081 | Infosys BPO Limited | $1,218,714.00 | Domestic | Waiting on payment formation from CBIZ. Claiming most of the payments went to their parent company Infosys Technology Limited. |
| 14-01261 | Institute of Microelectronics | $45,959.75 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01092 | Iwaki Co., Ltd. | $91,561.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01504 | Jari Holdings | $6,150.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01112 | Lucky (Shenyang) Technology | $90,720.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01105 | Mascon Global Limited | $1,100,196.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |

**EXHIBIT A**

| Adv. Proc. No. | Name of Defendant | Gross Amount of Complaint | Foreign or Domestic Defendant | Reason for Requesting an Extension |
|---|---|---|---|---|
| 14-01418 | Michel Muhlstein Junod Guyet | $16,710.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01090 | Mitsuboshi Chem Ind. Co. Ltd. | $86,883.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01056 | Moduwell Co. Ltd. | $277,626.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01492 | National Electric Manufacturers | $8,141.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01051 | Netchem Inc. | $180,695.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01320 | Novocell Semiconductor | $60,000.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01457 | Oerlikon Leybold Vacuum USA Inc. d/b/a Balzers and Leybold U.S. Holdings, Oerlikon Group, and Optics Balzers AG | $332,536.54 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01477 | Ohshima Patent Office | $18,857.43 | Foreign | We are still investigating the legal address of this defendant. |
| 14-01308 | Oracle America, Inc. | $15,840.00 | Domestic | We are waiting for information regarding additional transfers. |
| 14-01486 | Pantone Inc. | $7,500.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01738 | Peter J. Romano & Company, Inc. | $232,642.64 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01677 | Pivotal Resources Ltd. | $6,325.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01161 | Porcaro Vancouver Ltd. | $34,151.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01541 | RC Controls | $34,583.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01153 | Requisite Technology Inc. | $38,760.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01518 | Rexel Electrical & Datacom Supplies | $13,889.00 | Domestic | We are still investigating the legal address of this defendant. |

**EXHIBIT A**

| Adv. Proc. No. | Name of Defendant | Gross Amount of Complaint | Foreign or Domestic Defendant | Reason for Requesting an Extension |
|---|---|---|---|---|
| 14-01039 | Robert M. Meisel | $10,500.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01227 | Rock Of Ages, LLC | $18,688.08 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01467 | Rockwood Pigments | $8,160.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01450 | Rolls-Royce PLC | $9,130.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01417 | Rossen Miloushev | $17,697.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01667 | Royal DSM N.V. | $21,000.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01675 | SABIC Innovative Plastics US LLC | $6,440.00 | Domestic | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01482 | Sandvik Process Systems LLC | $7,602.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01145 | Schonenberger GMBH | $42,722.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01048 | SGS Gulf Limited | $16,839.96 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01102 | Shainaz Begum | $24,679.00 | Foreign | We are still investigating the legal address of this defendant. |
| 14-01305 | Shenzhen DBK Electronics Co. Ltd. | $19,723.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01050 | SJ Productions Ltd. | $8,431.59 | Foreign | We are still investigating the legal address of this defendant. |
| 14-01093 | Solarwinds.net | $80,564.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01055 | Somatec Sondermaschinen GMBH | $396,794.83 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01246 | Sprague Energy Corp., and Naughton Energy Corporation | $154,958.49 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01109 | Suministradora Flexografica | $128,344.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |

4

EXHIBIT A

| Adv. Proc. No. | Name of Defendant | Gross Amount of Complaint | Foreign or Domestic Defendant | Reason for Requesting an Extension |
|---|---|---|---|---|
| 14-01553 | Technischer Ueberwachungs Verin Rheinland | $107,545.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01065 | Technotrans AG | $170,341.24 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01510 | Teltec Corp. | $27,455.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01298 | The John Henry Company | $29,128.00 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01072 | Thermo Electron Corporation | $92,083.78 | Domestic | We are still awaiting additional information from Kodak to determine whether additional related transferees should be added to Complaint. |
| 14-01031 | Tianjin Kaideruixin Intl. Trade Co. | $354,900.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01624 | TNCP Inc. d/b/a Men of a Certain Age | $12,282.24 | Domestic | We are still investigating the legal address of this defendant. |
| 14-01029 | Toshiba Corporation | $401,823.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01077 | Total A.G. – SRL | $20,806.40 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01173 | TUV Rheinland of North America, Inc. | $29,477.00 | Foreign | We are still awaiting additional information from Kodak to determine whether to pursue this matter further. |
| 14-01461 | Upham Associates, Inc. | $8,600.00 | Domestic | We are still investigating the legal address of this defendant. |